FILED

JAN 2 0 2006  NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIKO L.A. BENNETT and )
STANLEY L. PENN, )
)
)
Plaintiffs, )
)
vs. )
)
SOUTHWEST AIRLINES CO., a Texas )
Corporation; THE BOEING COMPANY, a )
Delaware corporation; and the CITY OF )
CHICAGO, a municipal corporation, )
)
)
Defendants. )

Case No. 06 C 0332

JUDGE FILIP

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## NOTICE OF REMOVAL

Defendant, the City of Chicago (" the City"), through its counsel, Brandt R. Madsen,

Alan L. Farkas, and Charles M. Watts, pursuant to 28 U.S.C. §§ 1331, 1337, and 1441(b)

provides the following notice of removal to the United States District Court for the Northern

District of Illinois, for the above-styled matter:

1.    On December 20, 2005, Plaintiffs, Mariko L.A. Bennett and Stanley L. Penn,

filed their Complaint at Law in the Circuit Court of Cook County, as case number 2005 L 14249,

against Southwest Airlines Company ("SWA"), a Texas Corporation, The Boeing Company

("Boeing"), a Delaware corporation, and the City of Chicago, an Illinois municipal corporation.

A copy of the Complaint is attached as Exhibit "A" ("the Complaint").

2.    SWA and Boeing were served with the Complaint on December 27, 2005. The

City was served with the Complaint on December 30, 2005.

3.    On information and belief, the Plaintiffs, Bennett and Penn, are citizens of the

State of Maryland.

4.    The Plaintiffs were two of 98 passengers and five crew members, who were on

board Southwest Airlines Flight 1248 when it overran Runway 31C while landing at Chicago

Midway Airport on December 8, 2005. Plaintiffs' injuries allegedly occurred during this overrun incident and/or during their emergency evacuation.

5. On information and belief, most of the passengers and crew members, as well as individuals injured on the ground are not citizens of the State of Illinois, and the diversity of the current and potential future parties places this dispute in a broad national context that strongly favors removal.

6. The City will seek to remove the two other known lawsuits currently pending that arise from this same incident: Bernice James v. Southwest Airlines Co. and the City of Chicago, Cook County case no. 05 L 14425, and Eugene Wesolowski v. Southwest Airlines Co., and the City of Chicago, Cook County case no. 06 L 0058.

7. As other lawsuits arising out of this incident are filed, consolidation may be appropriate pursuant to the rules of multi-district litigation. 28 U.S.C. §1407.

8. The Complaint alleges breach of duties applicable to an air carrier (SWA), an aircraft manufacturer (Boeing), and an airport operator (the City). Duties which are all created by, heavily regulated, and overseen by Federal Authorities.

9. Boeing and SWA consent to removal, as set forth in group Exhibit "B".

10. All of Plaintiffs' claims are expressly and/or implicitly pre-empted by the Airline Deregulation Act of 1978 (hereinafter "ADA") and/or the Federal Aviation Act of 1958 ("FAA". To wit, the ADA provides in relevant part that:

> "No state ... shall enact or enforce any law, rule, regulation, standard or other provision having the force and effect of law relating to rates, routes, or services of any air carrier ..."

49 U.S.C. App. §1305(a)(1)

> The ordinary meaning of these words is a broad one – "to stand in relation; to have bearing or concern; to pertain; refer; to bring in association with or connection with." ... and the words thus express a broad pre-emptive purpose.

2

*Morales v. Trans World Airlines, Inc.*, 112 S.Ct. 2031, 2037 (1992).

Similarly, the FAA provides that: "The United States Government has exclusive sovereignty of

airspace of the United States." 49 U.S.C. § 40103. The FAA comprehensively addresses and

assigns the Administrator of the Federal Aviation Administration with oversight for all facets of

aviation, including the delicate balance of several competing interests. Id. Legislative history of

the FAA further emphasizes the pervasive and exclusive federal regulation of aviation. The

Senate concluded:

> ... aviation is unique among transportation industries in relation to
> the federal government – it is the only one whose operations are
> conducted almost within the federal jurisdiction, and are subject to
> little or no regulation by the states or local government. Thus, the
> government bears virtually complete responsibility for the
> promotion and supervision of this industry of public interest.

S. Rep. No. 181 85th Cong., 2nd Sess. 5 (1958); reprinted in *Abdullah v. American Airlines, Inc.*,

181 F.3d 363, 368 (3rd Cir. 1999). Further, in *Abdullah*, the court definitively resolved the status

of Federal pre-emption over aviation:

> ... we find that Congress, in enacting the FAA and relevant
> regulations, intended generally to pre-empt state and territorial
> regulation of air safety.
>
>       *   *   *
>
> We find that any state or territorial standards of care relating to
> aviation safety are federally pre-empted. Our analysis is sustained
> by reference to the broad scope of the FAA ... It is also supported
> by the decisions in which courts found federal pre-emption of
> discrete, safety related matters, such as airspace management,
> flight operations and aviation noise, because of the promulgation
> of specific federal regulations over those aspects of air safety.
> [citations omitted] ... It follows from the evident intent of
> Congress that there be federal supervision of air safety and from
> the decisions in which courts have found federal pre-emption of
> discrete, safety related matters, that federal law pre-empts the
> general field of aviation safety.

3

*Abdullah*, 181 F.3d at 367-68; 371. The Northern District of Illinois adopted the finding in

*Abdullah* in *Deahl v. Air Wisconsin*, 2003 WL 22843073 at 4, (N.D. Ill. 2003).

11.     The Complaint purports to state claims based on State and territorial standards of

care, but these standards are inexorably intertwined with, and demand interpretation and

application of Federal law. The length of the City's runways, the maintenance of the runways,

and the management of the airport are all creatures of pervasive Federal oversight. The risk of

inconsistent state court interpretation and application of the applicable standards is wholly

incompatible with the aims embodied in the ADA and the FAA. *See,* Grable & Sons Metal

Products, Inc. v. Darue Engineering & Manufacturing, 125 S.Ct. 2363, 2367 (2005) ("a federal

court ought to be able to hear claims recognized under state law that nonetheless turn on

substantial questions of federal law, and thus justly resort to the experience, solicitude, and hope

of uniformity that a federal forum offers on federal issues")

WHEREFORE, based upon federal question jurisdiction, as set forth in 28 U.S.C. §1331,

and removal as set forth in 28 U.S.C. §1441 *et seq.*, the foregoing matter is ripe for removal from

the Circuit Court of Cook County to the United States District Court for the Northern District of

Illinois, Eastern Division.

Respectfully submitted,

CITY OF CHICAGO

By: _____

One of Its Attorneys

Brandt R. Madsen
Alan L. Farkas
Charles M. Watts
Madsen, Farkas & Powen, LLC
111 West Washington Street
Suite 1550
Chicago, Illinois 60602
Phone: (312) 379-3444
Fax: 312-379-3443

4

| | |
|---|---|
| 2120 – Served | 2121 - Served |
| 2220 – Not Served | 2221 - Not Served |
| 2320 – Served By Mail | 2321 - Served By Mail |
| 3420 – Served By Publication | 2421 – Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev. 1/2/01) CCG-0001

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

MARIKO L.A. BENNETT and STANLEY L. PENN,

                Plaintiffs,

  vs.

SOUTHWEST AIRLINES CO., a Texas
corporation, THE BOEING COMPANY, a Delaware
corporation and THE CITY OF CHICAGO, a
Municipal corporation,

                Defendants.

2005L014249
CALENDAR/ROOM F
TIME 00:00
PI Other

No.

PLEASE SERVE:
See Attached Service List Rider

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file our appearance, and pay the required fee, in the office of the Clerk of this Court at the following locations:

XX    Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

| | | |
|---|---|---|
| District 2 – Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL. 60077 | District 3 – Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL. 60008 | District 4 – Maywood<br>1500 Maybrook Ave.<br>Maywood, IL. 60153 |
| District 5 – Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL. 60455 | District 6 – Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL. 60426 | |

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS **DEC 2 0 2005**

DOROTHY BROWN
CLERK OF CIRCUIT COURT

| | |
|---|---|
| Atty. No. __38568__ | |
| Name: __Rapoport Law Offices, P.C.__ | |
| Atty. for: __Plaintiffs__ | Clerk of Court |
| Address: __20 N. Clark St., Suite 3500__ | Date of service: |
| City/State/Zip: __CHICAGO, IL. 60602__ | (To be inserted by officer on copy left with defendant or other person) |
| Telephone: __(312)327-9880__ | |

Service by Facsimile Transmission will be accepted at:_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

EXHIBIT "A"

## SERVICE LIST RIDER
*Bennett, et al. v. Southwest Airlines Co., et al.*

**SOUTHWEST AIRLINES CO., a Texas corporation**

Via registered agent:      Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, Illinois 62703

**THE BOEING COMPANY, a Delaware corporation**

Via registered agent:      Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, Illinois 62703

**THE CITY OF CHICAGO, a Municipal Corporation**

Via registered agent:      The City of Chicago
c/o City Clerk
James Lasky
121 North LaSalle
Room 107
Chicago, Illinois 60602

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | | |
|---|---|---|
| MARIKO L.A. BENNETT and STANLEY L. PENN, | ) ) ) | 2005L014249 CALENDAR/ROOM F TIME 00:00 |
| Plaintiffs, | ) ) | Case No.    PI Other |
| v. | ) ) | |
| SOUTHWEST AIRLINES CO., a Texas corporation; THE BOEING COMPANY, a Delaware corporation; and the CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) | Plaintiffs demand trial by jury |
| Defendants. | ) ) | |

## COMPLAINT AT LAW

The Plaintiffs, MARIKO L.A. BENNETT and STANLEY L. PENN, by and through their attorneys, Baum ♦ Hedlund, a Professional Corporation and Rapoport Law Offices, P.C., in support of their complaint against the Defendants, SOUTHWEST AIRLINES CO., a Texas corporation, THE BOEING COMPANY, a Delaware corporation and THE CITY OF CHICAGO, a municipal corporation, state the following:

### GENERAL ALLEGATIONS

1.     The causes of action set forth in this complaint arise out of the crash of Southwest Flight 1248 at Chicago's Midway International Airport ("Midway") on December 8, 2005. The plaintiffs were passengers on Flight 1248 that were injured and suffered damages as a result of the crash.

2.     The causes of action arose in Cook County, Illinois making venue appropriate under § 5/2-101 of the Illinois Code of Civil Procedure.

1

3. On and before December 8, 2005, Southwest Airlines Co. ("SWA") was an airline and common carrier; The Boeing Company ("Boeing") was an airframe manufacturer; and the City of Chicago owned and operated Midway International Airport.

4. Southwest Flight 1248 was a scheduled passenger flight from Baltimore to Chicago conducted under Part 121 of the Federal Aviation Regulations utilizing a fixed wing multi-engine turbojet known as a Boeing 737-700 which was registered as N471.

5. N471 was designed, manufactured and sold by Boeing in the ordinary course of business.

6. At all relevant times N471 was operated by a flight crew consisting of a pilot in command and second in command assisted by a dispatcher. All of these individuals were the employees and agents of SWA for vicarious liability purposes.

7. Before 7:14 p.m. on December 8, 2005, in adverse weather conditions including snow, low ceilings, a tailwind, and poor visibility, the pilot in command decided to utilize the instrument landing system approach to runway 31C at Midway, knowing runway 31C had only 5826 feet of useable runway with obstructions and a road near the departure end. After touching down on runway 31C the crew failed to stop the aircraft on the runway. Instead, Flight 1248 went off the departure end of runway 31C on the ground, crashing through a blast fence and a perimeter fence before colliding with vehicles in the vicinity of the intersection of 55th Street and Central Avenue in Chicago.

8. Mariko L.A. Bennett and Stanley L. Penn were fare paying passengers injured on Flight 1248.

## COUNT I

### (By Plaintiff Mariko L. A. Bennett Against SWA: Negligence)

9. Mariko L.A. Bennett incorporates the general allegations by reference.

10. As a common carrier SWA had a duty to its passengers to use the highest degree of care to protect their safety. On December 8, 2005, in violation of this duty, SWA:

2

a. Negligently, carelessly and improperly began an unsafe approach given the prevailing weather, visibility and runway conditions;

b. Negligently, carelessly and improperly failed to abandon the approach before it was too late;

c. Negligently, carelessly and improperly touched down too far from the threshold of runway 31C;

d. Negligently, carelessly, and improperly lost control of the aircraft;

e. Negligently, carelessly, and improperly failed to stop the aircraft on the runway;

f. Negligently, carelessly, improperly and in violation of Federal Aviation Regulations, operated Flight 1248 in a careless and reckless manner; and

g. Negligently, carelessly, and improperly failed to provide appropriate services, assistance, and physical care following the crash.

11.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by SWA, Mariko L.A. Bennett has been injured and sustained damages including, but not limited to physical injury, pain, suffering, disability, loss of a normal life, emotional distress, medical expenses, lost earnings and lost earning capacity. These losses have been incurred in the past and will be incurred in the future; all or some of these losses are permanent.

WHEREFORE, Mariko L.A. Bennett respectfully requests judgment in her favor against SWA in an amount appropriate to fully and fairly compensate her for all of her legally compensable losses, which substantially exceed the minimum jurisdictional amount.

## COUNT II

### (By Plaintiff Mariko L. A. Bennett Against SWA: Conscious Disregard for Safety)

12.    Mariko L.A. Bennett incorporates the general allegations by reference.

13.    SWA had a duty to refrain from willful and wanton conduct which would endanger the safety of its passengers and the public, yet notwithstanding, and in violation of this duty, on December 8, 2005, SWA showed an utter indifference to or conscious disregard for its

3

passengers and the public's safety. The defendant's willful and wanton conduct includes, but is not limited to:

a. Attempting to make up for lost time by flying the aircraft in a dangerous manner, including, but not limited to, flying at dangerous speeds for the runway length, runway conditions, wind direction, wind speed, visibility and snow during the approach to land and landing on runway 31C at Midway;

b. Operating the aircraft contrary to Federal Aviation Regulations ("FARs"), including, but not limited to, FAR 91.13(a);

c. Operating the aircraft during the approach and landing at Midway contrary to the operating limits, requirements, specifications and instructions set forth in the approved flight manual for the aircraft and the markings, placards and warnings installed in the aircraft contrary to the requirements of FAR 91.9;

d. Failing to perform a "go-around" or divert to an alternate runway or airport at a time when the pilots had notice, and knew, that given its location, short runway length, excessive speed, rate of descent, configuration, weight, altitude, wind direction, wind speed, slippery runway condition, and snow storm, among other things, landing Flight 1248 on Midway Airport's runway 31C posed a serious risk to, and endangered the lives of, their crew, passengers, and others on the ground. Instead, the pilots continued the approach and landed even though they had sufficient time to execute a "go-around", divert to an alternate airport, or take other action to discontinue the approach after such notice and knowledge;

e. Failing to stop the aircraft within the perimeter of Midway, such that it crashed through two fences at the perimeter of the airport and emerged into traffic on South Central Avenue and West 55th Street, public streets in Chicago;

f. SWA despicably focused on keeping within flight schedules, punctuality, and cost savings. SWA gave the pilots great discretion and charged them with the duty to make life-and-death policy decisions with company profitability in mind at all times;

g. Pressuring the pilots by scheduling only a 20-minute "turn around" at Midway before Flight 1248 was scheduled to depart for Las Vegas. On December 8, 2005, Flight 1248 was already two hours late; and

h. Maintaining a company policy that strongly encourages "on-time performance" and quick turn-arounds of aircraft to minimize the time an aircraft spends on the ground before leaving on its next flight. SWA was motivated, in substantial part, to attempt this unsafe landing to save time and money, and created a corporate culture of rushed operation.

14. The crash of Flight 1248 and the plaintiff's resultant injuries were caused by the wanton and willful misconduct of SWA, including their officers, agents, servants and/or employees as set forth herein, whose actions and omissions were outrageous and despicable. By doing and omitting the acts and conduct as alleged above, SWA showed an utter indifference to or conscious disregard for its passengers and the public's safety.

15. Willful and wanton conduct is a traditional basis for punitive damages claims in Illinois. However, § 5/2-604.1 of the Illinois Code of Civil Procedure states: "In all actions on account of bodily injury . . . where punitive damages are permitted no complaint shall be filed containing a prayer for relief seeking punitive damages. However, a plaintiff may, pursuant to a pretrial motion and after a hearing before the court, amend the complaint to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the complaint if the plaintiff establishes at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." In compliance with this provision the following prayer for relief does not at this time include a claim for punitive damages, however, SWA is hereby notified plaintiffs intend to pursue punitive damages theories during the discovery phase of this litigation and may well move to include punitive damages in the prayer for relief at the appropriate time.

16. As a direct and proximate result of willful and wanton conduct by SWA Mariko L.A. Bennett has been injured and sustained damages including, but not limited to physical injury, pain, suffering, disability, loss of a normal life, emotional distress, medical expenses, lost earnings and lost earning capacity. These losses have been incurred in the past and will be incurred in the future; all or some of these losses are permanent.

WHEREFORE, Mariko L.A. Bennett respectfully requests judgment in her favor against

SWA in an amount appropriate to fully and fairly compensate her for all of her legally compensable losses, which substantially exceed the minimum jurisdictional amount.

## COUNT III

### (By Plaintiff Mariko L. A. Bennett Against Boeing: Strict Liability)

17.     Mariko L.A. Bennett incorporates the general allegations by reference.

18.     There existed in the aircraft at the time it left Boeing's control conditions which made it unreasonably dangerous including, but not limited to, autobrake and reverse thrust systems that were defective in design and/or manufacture, that failed to safely and properly operate in the intended manner, and failed to safely or properly operate as reasonably expected by users, including SWA's pilots.

19.     As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions Flight 1248 crashed and Mariko L.A. Bennett has been injured and sustained damages including, but not limited to physical injury, pain, suffering, disability, loss of a normal life, emotional distress, medical expenses, lost earnings and lost earning capacity.  These losses have been incurred in the past and will be incurred in the future; all or some will be permanent.

WHEREFORE, Mariko L.A. Bennett respectfully requests judgment in her favor against Boeing in an amount appropriate to fully and fairly compensate her for all of her legally compensable losses, which substantially exceed the minimum jurisdictional amount.

## COUNT IV

### (By Plaintiff Mariko L. A. Bennett Against Chicago: Negligence)

20.     Mariko L.A. Bennett incorporates the general allegations by reference.

21.     The City of Chicago is responsible for the management, operation and maintenance of Midway International Airport including its runways.

22.     It was the duty of the City of Chicago to exercise ordinary care under the circumstances to protect the safety of plaintiffs, yet notwithstanding said duty the City of

Chicago through its agents, servants or employees, acting within the scope of their employment, was guilty of one or more of the following acts or omissions in that it:

   a. Negligently, carelessly and improperly failed to maintain runway 31C in a reasonably safe condition for air carrier operations;

   b. Negligently, carelessly and improperly failed to clear snow, ice, slush, and water from runway 31C;

   c. Negligently, carelessly and improperly failed to close runway 31C in order to clear snow, ice, slush, and water from the runway;

   d. Negligently, carelessly and improperly failed to maintain and implement an adequate snow and ice removal plan at the airport;

   e. Negligently, carelessly and improperly failed to monitor the surface conditions of runway 31C in order to plan and carry out appropriate maintenance actions to remove snow, ice, slush, and water from it;

   f. Negligently, carelessly and improperly failed to promptly notify SWA that runway 31C was less than satisfactorily cleared for safe operation by its aircraft on December 8, 2005;

   g. Negligently, carelessly and improperly failed to accurately observe and report the condition of the landing area on runway 31C;

   h. Negligently, carelessly and improperly failed to close runway 31C in that the weather conditions, wind speed, wind direction, and runway conditions made it unreasonably dangerous for landing Boeing 737-700 aircraft; and

   i. Negligently, carelessly and improperly failed to provide prompt and effective emergency response.

   23.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions Flight 1248 crashed and Mariko L.A. Bennett has been injured and sustained damages including, but not limited to physical injury, pain, suffering, disability, loss of a normal life, emotional distress, medical expenses, lost earnings and lost earning capacity. These losses have been incurred in the past and will be incurred in the future; all or some will be permanent.

   WHEREFORE, Mariko L.A. Bennett respectfully requests judgment in her favor against

7

the City of Chicago in an amount appropriate to fully and fairly compensate her for all of her legally compensable losses, which substantially exceed the minimum jurisdictional amount.

## COUNT V

### (By Stanley L. Penn Against SWA: Negligence)

24.     Stanley L. Penn incorporates the general allegations by reference.

25.     As a common carrier SWA had a duty to its passengers to use the highest degree of care to protect their safety. On December 8, 2005, in violation of this duty, SWA:

   a. Negligently, carelessly and improperly began an unsafe approach given the prevailing weather, visibility and runway conditions;

   b. Negligently, carelessly and improperly failed to abandon the approach before it was too late;

   c. Negligently, carelessly and improperly touched down too far from the threshold of runway 31C;

   d. Negligently, carelessly, and improperly lost control of the aircraft;

   e. Negligently, carelessly, and improperly failed to stop the aircraft on the runway;

   f. Negligently, carelessly, improperly and in violation of Federal Aviation Regulations, operated Flight 1248 in a careless and reckless manner; and

   g. Negligently, carelessly, and improperly failed to provide appropriate services, assistance, and physical care following the crash.

26.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by SWA, Stanley L. Penn has been injured and sustained damages including, but not limited to physical injury, pain, suffering, disability, loss of a normal life, emotional distress, medical expenses, lost earnings and lost earning capacity. These losses have been incurred in the past and will be incurred in the future; all or some of these losses are permanent.

WHEREFORE, Stanley L. Penn respectfully requests judgment in his favor against SWA in an amount appropriate to fully and fairly compensate him for all of his legally compensable

losses, which substantially exceed the minimum jurisdictional amount.

## COUNT VI

### (By Stanley L. Penn Against SWA: Conscious Disregard for Safety)

27.    Stanley L. Penn incorporates the general allegations by reference.

28.    SWA had a duty to refrain from willful and wanton conduct which would endanger the safety of its passengers and the public, yet notwithstanding, and in violation of this duty, on December 8, 2005, SWA showed an utter indifference to or conscious disregard for its passengers and the public's safety. The defendant's willful and wanton conduct includes, but is not limited to:

a.    Attempting to make up for lost time by flying the aircraft in a dangerous manner, including, but not limited to, flying at dangerous speeds for the runway length, runway conditions, wind direction, wind speed, visibility and snow during the approach to land and landing on runway 31C at Midway;

b.    Operating the aircraft contrary to Federal Aviation Regulations ("FARs"), including, but not limited to, FAR 91.13(a);

c.    Operating the aircraft during the approach and landing at Midway contrary to the operating limits, requirements, specifications and instructions set forth in the approved flight manual for the aircraft and the markings, placards and warnings installed in the aircraft contrary to the requirements of FAR 91.9;

d.    Failing to perform a "go-around" or divert to an alternate runway or airport at a time when the pilots had notice, and knew, that given its location, short runway length, excessive speed, rate of descent, configuration, weight, altitude, wind direction, wind speed, slippery runway condition, and snow storm, among other things, landing Flight 1248 on Midway Airport's runway 31C posed a serious risk to, and endangered the lives of, their crew, passengers, and others on the ground. Instead, the pilots continued the approach and landed even though they had sufficient time to execute a "go-around", divert to an alternate airport, or take other action to discontinue the approach after such notice and knowledge;

e.    Failing to stop the aircraft within the perimeter of Midway, such that it crashed through two fences at the perimeter of the airport

9

and emerged into traffic on South Central Avenue and West 55th Street, public streets in Chicago;

f. SWA despicably focused on keeping within flight schedules, punctuality, and cost savings. SWA gave the pilots great discretion and charged them with the duty to make life-and-death policy decisions with company profitability in mind at all times;

g. Pressuring the pilots by scheduling only a 20-minute "turn around" at Midway before Flight 1248 was scheduled to depart for Las Vegas. On December 8, 2005, Flight 1248 was already two hours late; and

h. Maintaining a company policy that strongly encourages "on-time performance" and quick turn-arounds of aircraft to minimize the time an aircraft spends on the ground before leaving on its next flight. SWA was motivated, in substantial part, to attempt this unsafe landing to save time and money, and created a corporate culture of rushed operation.

29.    The crash of Flight 1248 and the plaintiff's resultant injuries were caused by the wanton and willful misconduct of SWA, including their officers, agents, servants and/or employees as set forth herein, whose actions and omissions were outrageous and despicable. By doing and omitting the acts and conduct as alleged above, SWA showed an utter indifference to or conscious disregard for its passengers and the public's safety.

30.    Willful and wanton conduct is a traditional basis for punitive damages claims in Illinois. However, § 5/2-604.1 of the Illinois Code of Civil Procedure states: "In all actions on account of bodily injury . . . where punitive damages are permitted no complaint shall be filed containing a prayer for relief seeking punitive damages. However, a plaintiff may, pursuant to a pretrial motion and after a hearing before the court, amend the complaint to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the complaint if the plaintiff establishes at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." In compliance with this provision the following prayer for relief does not at this time include a claim for punitive damages, however, SWA is hereby notified plaintiffs intend to pursue punitive damages theories during the discovery phase of this litigation and may well move to include punitive damages in the prayer for relief at the

appropriate time.

31.     As a direct and proximate result of willful and wanton conduct by SWA Stanley L. Penn has been injured and sustained damages including, but not limited to physical injury, pain, suffering, disability, loss of a normal life, emotional distress, medical expenses, lost earnings and lost earning capacity. These losses have been incurred in the past and will be incurred in the future; all or some of these losses are permanent.

WHEREFORE, Stanley L. Penn respectfully requests judgment in his favor against SWA in an amount appropriate to fully and fairly compensate him for all of his legally compensable losses, which substantially exceed the minimum jurisdictional amount.

## COUNT VII

### (By Stanley L. Penn Against Boeing: Strict Liability)

32.     Stanley L. Penn incorporates the general allegations by reference.

33.     There existed in the aircraft at the time it left Boeing's control conditions which made it unreasonably dangerous including, but not limited to, autobrake and reverse thrust systems that were defective in design and/or manufacture, that failed to safely and properly operate in the intended manner, and failed to safely or properly operate as reasonably expected by users, including SWA's pilots.

34.     As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions Flight 1248 crashed and Stanley L. Penn has been injured and sustained damages including, but not limited to physical injury, pain, suffering, disability, loss of a normal life, emotional distress, medical expenses, lost earnings and lost earning capacity. These losses have been incurred in the past and will be incurred in the future; all or some will be permanent.

WHEREFORE, Stanley L. Penn respectfully requests judgment in his favor against Boeing in an amount appropriate to fully and fairly compensate him for all of his legally compensable losses, which substantially exceed the minimum jurisdictional amount.

11

## COUNT VIII

### (By Stanley L. Penn Against Chicago: Negligence)

35.     Stanley L. Penn incorporates the general allegations by reference.

36.     The City of Chicago is responsible for the management, operation and maintenance of Midway International Airport including its runways.

37.     It was the duty of the City of Chicago to exercise ordinary care under the circumstances to protect the safety of plaintiffs, yet notwithstanding said duty the City of Chicago through its agents, servants or employees, acting within the scope of their employment, was guilty of one or more of the following acts or omissions in that it:

      a.  Negligently, carelessly and improperly failed to maintain runway 31C in a reasonably safe condition for air carrier operations;

      b.  Negligently, carelessly and improperly failed to clear snow, ice, slush, and water from runway 31C;

      c.  Negligently, carelessly and improperly failed to close runway 31C in order to clear snow, ice, slush, and water from the runway;

      d.  Negligently, carelessly and improperly failed to maintain and implement an adequate snow and ice removal plan at the airport;

      e.  Negligently, carelessly and improperly failed to monitor the surface conditions of runway 31C in order to plan and carry out appropriate maintenance actions to remove snow, ice, slush, and water from it;

      f.  Negligently, carelessly and improperly failed to promptly notify SWA that runway 31C was less than satisfactorily cleared for safe operation by its aircraft on December 8, 2005;

      g.  Negligently, carelessly and improperly failed to accurately observe and report the condition of the landing area on runway 31C;

      h.  Negligently, carelessly and improperly failed to close runway 31C in that the weather conditions, wind speed, wind direction, and runway conditions made it unreasonably dangerous for landing Boeing 737-700 aircraft; and

12

i.   Negligently, carelessly and improperly failed to provide prompt
     and effective emergency response.

38.   As a direct and proximate result of one or more of the aforementioned negligent

acts or omissions Flight 1248 crashed and Stanley L. Penn has been injured and sustained

damages including, but not limited to physical injury, pain, suffering, disability, loss of a normal

life, emotional distress, medical expenses, lost earnings and lost earning capacity. These losses

have been incurred in the past and will be incurred in the future; all or some will be permanent.

WHEREFORE, Stanley L. Penn respectfully requests judgment in his favor against the

City of Chicago in an amount appropriate to fully and fairly compensate him for all of his legally

compensable losses, which substantially exceed the minimum jurisdictional amount.

## PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS

DATED:                              BAUM ♦HEDLUND, A Professional Corporation


                                    Ronald L.M. Goldman
                                    J. Clark Aristei
                                    12100 Wilshire Boulevard, Suite 950
                                    Los Angeles, California  90025
                                    (310) 207-3233
                                    Attorneys for Plaintiffs


                                    RAPOPORT LAW OFFICES, P.C.


                                    by:
                                    David E. Rapoport
                                    Rapoport Law Offices, P.C.
                                    20 North Clark Street - Suite 3500
                                    Chicago, Illinois 60602
                                    (312) 327-9880
                                    (312) 327-9881 fax
                                    Attorneys for Plaintiffs

13

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury.

DATED:                          BAUM ♦ HEDLUND, A Professional Corporation


Ronald L.M. Goldman
J. Clark Aristei
12100 Wilshire Boulevard, Suite 950
Los Angeles, California 90025
(310) 207-3233
Attorneys for Plaintiffs


RAPOPORT LAW OFFICES, P.C.


by: David E. Rapoport
Rapoport Law Offices, P.C.
20 North Clark Street - Suite 3500
Chicago, Illinois 60602
(312) 327-9880
(312) 327-9881 fax
Attorneys for Plaintiffs

14

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

MARIKO L.A. BENNETT and )
STANLEY L. PENN, )
                             )
           Plaintiffs, )
                             )
           v. )      No.
                             )
SOUTHWEST AIRLINES CO., a )
Texas corporation, THE BOEING )
COMPANY, a Delaware corporation and )
THE CITY OF CHICAGO, a Municipal )
corporation, )
                             )
           Defendants. )

2005L014249
CALENDAR/ROOM F
TIME 00:00
PI Other

FILED-2
2005 DEC 20 AM 10:56

### SUPREME COURT RULE 222 AFFIDAVIT

I, David E. Rapoport, one of the attorneys for plaintiffs, Mariko L.A. Bennett and

Stanley L. Penn, state the following:

     1.     I am one of the plaintiffs' attorneys representing them in this action.

     2.     The total money damages sought exceeds $50,000.00, for each plaintiff.

FURTHER, AFFIANT SAYETH NOT.

                                 Respectfully submitted

                                 _____
                                 David E. Rapoport

David E. Rapoport
RAPOPORT LAW OFFICES, P.C.
20 North Clark Street, Suite 3500
Chicago, IL 60602
(312) 327-9880
(312) 327-9881 (fax)
Firm No. 38568

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| MARIKO L.A. BENNETT and<br>STANLEY L. PENN,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., a<br>Texas corporation, THE BOEING<br>COMPANY, a Delaware corporation and<br>THE CITY OF CHICAGO, a Municipal<br>corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.     2005L014249<br>CALENDAR/ROOM F<br>TIME 00:00<br>PI Other |

**JURY DEMAND**

Plaintiffs demand a Trial by Jury.


MARIKO L.A. BENNETT and
STANLEY L. PENN

_David E. Rapoport_
David E. Rapoport


David E. Rapoport
Rapoport Law Offices, P.C.
Attorneys for Plaintiff
20 North Clark Street, Suite 3500
Chicago, IL 60602
(312) 327-9880
(312) 327-9881 (fax)
Firm No. 38568

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARIKO L.A. BENNETT and )
STANLEY L. PENN, )
                 )
         Plaintiffs, )    Case No. _____
                 )
v. )
                 )
SOUTHWEST AIRLINES CO., a Texas )
corporation; THE BOEING COMPANY, a )
Delaware corporation; and the CITY OF )
CHICAGO, a municipal corporation, )
                 )
         Defendants. )

## CONSENT TO REMOVAL OF DEFENDANT THE BOEING COMPANY

Defendant The Boeing Company ("Boeing") respectfully submits this Consent to

Removal of the above-captioned matter, originally filed in the Circuit Court of Cook County,

Illinois, Law Division (Case No. 05 L 14249), to the United States District Court for the

Northern District of Illinois. Boeing was served with the complaint on December 27, 2005.

DATED: January **1**, 2006

                             _____

William T. Cahill
J. Bates McIntyre
Perkins Coie, LLP
131 South Dearborn, Suite 1700
Chicago, IL 60603
Phone: (312) 324-8400

Attorneys for Defendant
The Boeing Company

EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARJKO L.A. BENNETT and )
STANLEY PENN, )
)
       Plaintiffs, )   Case No.
)
   v. )
)
SOUTHWEST AIRLINES CO., )
THE BOEING COMPANY, and )
The CITY OF CHICAGO, )
)
      Defendants. )

## CONSENT TO OF REMOVAL

Defendant, SOUTHWEST AIRLINES CO. ("SWA"), by and through its attorneys, Michael J. Merlo, Alan J. Brinkmeier, Linda J. Schneider, and Donald G. Machalinski, of MERLO KANOFSKY BRINKMEIER & GREGG Ltd., hereby offers its formal consent to the removal of the above-captioned case, originally filed in the Circuit Court of Cook County, Illinois, Law Division (Case No. 2005 L 014249), to the United States District Court for the Northern District of Illinois, Eastern Division. SWA was served on December 27, 2005.

DATED: January 19, 2006

                       SOUTHWEST AIRLINES CO.

                       By:_____
                         Michael J. Merlo
                         Alan J. Brinkmeier
                         Linda J. Schneider
                         Donald G. Machalinski
                         MERLO KANOFSKY BRINKMEIER & GREGG Ltd.
                         208 South LaSalle Street, Suite 950
                         Chicago, Illinois 60604
                         (312) 553-5500
                         Attorney No. 40738

**FILED**

**IN THE UNITED STATES DISTRICT**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 2 0 2006 NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MARIKO L.A. BENNETT and STANLEY L. PENN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 06C 0332 |
| SOUTHWEST AIRLINES CO., a Texas Corporation; THE BOEING COMPANY, a Delaware corporation; and the CITY OF CHICAGO, a municipal corporation, | ) ) ) ) **JUDGE FILIP** ) |
| Defendants. | ) MAGISTRATE JUDGE ) GERALDINE SOAT BROWN |

## NOTICE OF FILING

TO:     SEE SERVICE LIST

PLEASE TAKE NOTICE that on the 20th day of January, 2006, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Notice of Removal, Appearances of Counsel and Civil Cover Sheet,** copies of which are attached hereto and served upon you herewith.

Respectfully Submitted,

CITY OF CHICAGO

By: _____
        One of Its Attorneys

Brandt R. Madsen, Esq.
Alan L. Farkas, Esq.
Charles M. Watts, Esq.
MADSEN, FARKAS & POWEN, L.L.C.
111 West Washington Street, #1550
Chicago, Illinois 60602
(312) 379-3444
(312) 379-3443 fax
Firm ID No. 37934

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused to be mailed a copy of the above-described document to all counsel of record, by depositing same, postage prepaid, in an official depository of the United States Mail at 111 West Washington Street, Chicago, Illinois on this 20th Day of January, 2006.

_____
Alan L. Farkas

### Service List

#### *Attorneys for Plaintiffs*
Ronald L.J. Goldman, Esq.
J. Clark Aristei, Esq.
12100 Wilshire Boulevard
Suite 950
Los Angeles, California 90025
Phone (310) 207-3233

David E. Rapoport, Esq.
Rapoport Law Offices, P.C.
20 N. Clark St.
Suite 3500
Chicago, Illinois 60602
Phone: (312) 327-9880

#### *Attorney for Boeing Company*
William Cahill, Esq.
Perkins, Coie, LLC
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Phone: 312-324-8400

#### *Attorney for Southwest Airlines*
Michael J. Merlo, Esq.
Linda J. Schneider, Esq.
Merlo, Kanofsky, Brinkmeier & Greg
208 South La Salle Street, #950
Chicago, Illinois 60604
Phone: (312) 553-5500

2